**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION**

| | |
|---|---|
| LINDA ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:11-cv-0572 |
| vs. ) | |
| ) | |
| LVNV FUNDING, LLC and ) | **JURY DEMAND ENDORSED HEREON** |
| RESURGENT CAPITAL SERVICES, L.P., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LINDA ELLISON, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the West Virginia Consumer Credit and Protection Act (hereinafter the "WVCCPA"), W. Va. Code § 46-A-2-122, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Mineral Wells, West Virginia.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and W. Va. Code § 46-A-2-122(a), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and W. Va. Code § 46-A-2-122(d), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant, LVNV FUNDING, LLC, (hereinafter "LVNV"), is a limited liability company of the State of Delaware, which is licensed to do business in West Virginia and which has its principal place of business in Las Vegas, Nevada.

8. On information and belief, Defendant, RESURGENT CAPITAL SERVICES, L.P., (hereinafter "Resurgent"), is a limited partnership of the State of Delaware, which is licensed to do business in West Virginia and which has its principal place of business in Greenville, South Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

9. On or about March 10, 2010, representatives, agents and/or employees of Defendants began contacting Plaintiff by telephone, often multiple times per day, in attempts to

2

collect the aforementioned alleged debt, but failed to identify themselves as debt collectors and/or failed to identify the name of their company during the course of every communication with Plaintiff.

10. During some of the aforementioned telephone calls, representatives, agents and/or employees of Defendants used abusive, obscene and/or profane language when speaking with Plaintiff.

11. On one occasion, during a conversation with Plaintiff's husband, Defendants' representative, agent and/or employee stated to Plaintiff's husband that Plaintiff was lying to him about how much money she owed to creditors, and told him that he should keep his wife under control.

12. On one occasion, during a conversation with Plaintiff, Defendants' representative, agent and/or employee stated to Plaintiff that Defendants would ruin her credit standing forever.

13. On one occasion, during a conversation with Plaintiff, Defendants' representative, agent and/or employee stated to Plaintiff that she would go to jail if she did not pay the alleged debt.

14. On one occasion, during a conversation with Plaintiff, Defendants' representative, agent and/or employee threatened to take Plaintiff's personal property to pay the alleged debt, despite the fact that Plaintiff has never been sued, nor has any judgment been entered against Plaintiff, with regard to the alleged debt.

15. Finally, representatives, agents and/or employees of Defendants continued to contact Plaintiff by telephone in attempts to collect the alleged debt even after Plaintiff requested that Defendants cease communication with her and advised Defendants that she refused to pay the alleged debt, in a letter mailed to Defendants on or about February 25, 2011.

16. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring and/or engaging Plaintiff and Plaintiff's husband in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b. Placing telephone calls to our client without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

    c. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff and Plaintiff's husband, in violation of 15 U.S.C. § 1692d(2);

    d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

    g. Representing or implying that nonpayment of the alleged debt would result in the seizure, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

      h.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

      i.    Continuing to communicate with Plaintiff after Defendants were notified in writing that she refused to pay the debt and/or that she wished for Defendants to cease further communication with her, in violation of 15 U.S.C. § 1692c(c); and

      j.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LINDA ELLISON, respectfully prays for a judgment against Defendants as follows:

      a.    Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

      b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.    Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the West Virginia Consumer Credit and Protection Act)

18.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19. In its attempts to collect the aforementioned alleged debt, Defendants violated the WVCCPA in one or more of the following ways:

    a. Causing a telephone to ring and/or engaging Plaintiff and Plaintiff's husband in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of W. Va. Code § 46A-2-125(d);

    b. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff and Plaintiff's husband, in violation of W. Va. Code § 46A-2-125(a);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of W. Va. Code § 46A-2-124;

    d. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendants did not intend to take such action, in violation of W. Va. Code § 46A-2-124(e);

    e. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of W. Va. Code § 46A-2-124(b);

    f. Representing or implying that nonpayment of the alleged debt would result in the seizure, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendants did not intend to take such action, in violation of W. Va. Code § 46A-2-124(e);

    g.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of W. Va. Code § 46A-2-127;

    h.    Continuing to communicate with Plaintiff after Defendants were notified in writing that she refused to pay the debt and/or that she wished for Defendants to cease further communication with her, in violation of W. Va. Code § 46A-2-125(d); and

    i.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the WVCCPA.

20.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LINDA ELLISON, respectfully prays for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 from each Defendant for each violation of the WVCCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

          Respectfully Submitted,

          /s/ David B. Levin
          David B. Levin (10939)
          Attorney for Plaintiff
          Luxenburg & Levin, LLC
          23875 Commerce Park, Suite 105
          Beachwood, OH 44122
          (888) 493-0770, ext. 302 (phone)
          (866) 551-7791 (facsimile)
          David@LuxenburgLevin.com